Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4619 N. Ravenswood Ave., Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
STEVEN SIMPKINS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| STEVEN SIMPKINS, | ) |
| Plaintiff, | ) **Case No.:** 2:15-cv-5746 |
| v. | ) |
| GC SERVICES, L.P., | ) **PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, STEVEN SIMPKINS ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, GC SERVICES, L.P. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Houston, Harris County, Texas.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third

parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an a federal student loan debt from Plaintiff, owed to the U.S. Department of Education ("USDOE")

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around November 2014, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone at 213-245-50xx.

23. Defendant was calling Plaintiff from 213-814-1841, which is one of Defendant's numbers.

24. Plaintiff has answered at least one of the calls that Defendant placed to his cellular telephone.

25. When Plaintiff answered Defendant's call, Defendant's collector told Plaintiff that his wages would be garnished and his tax refunds would be intercepted if Plaintiff did not set up a payment plan.

26. In reliance on these comments, Plaintiff set up a payment plan with Defendant's collector.

27. In response to setting up a payment plan, Defendant's collector promised Plaintiff that he would no longer have his wages garnished or his taxes intercepted.

3

28. Despite being Defendant's promise that Plaintiff's wages and taxes would not be garnished, Plaintiff's taxes were in fact garnished.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt when Defendant's collector told Plaintiff that his wages would be garnished and taxes would be intercepted if he did not enter into a payment plan voluntarily, and when Defendant's collector promised that Plaintiff's wages and taxes would not be garnished due to entering into the payment plan, when in fact Plaintiff's taxes were garnished;

   b. Defendant violated §1692e(4) of the FDCPA by representing or implying that nonpayment on any debt will result in the garnishment or any wages, when Defendant's collector told Plaintiff that his wages would be garnished and taxes would be intercepted; and

   c. Defendant violated §1692e(10) of the FDCPA by using false representation and deceptive means to collect or attempt to collect any debt, when Defendant's collector promised Plaintiff that his wages would not be garnished and his taxes would not be intercepted because he set up a payment plan, when in fact Plaintiff's taxes were garnished.

WHEREFORE, Plaintiff, STEVEN SIMPKINS, respectfully requests judgment be entered against Defendant, GC SERVICES, L.P., for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

32. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and re-alleges paragraphs 1-28 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, STEVEN SIMPKINS, respectfully requests judgment be entered against Defendant, GC SERVICES, L.P., for the following:

35. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

36. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: July 29, 2015                AGRUSS LAW FIRM, LLC

                                    By: /s/ Michael S. Agruss
                                        Michael S. Agruss
                                        Attorney for Plaintiff
                                        STEVEN SIMPKINS

5